UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

KYLE LEE STACY,                              )
                                             )
            Plaintiff,                       )
                                             )
      v.                                     )          Case No. 4:23-cv-59
                                             )
WABASH NATIONAL,                             )
                                             )
            Defendants.                      )

## OPINION AND ORDER

This matter is before the court on the Motion for Assistance to Attorney [DE 19] filed by the *pro se* plaintiff, Kyle Lee Stacy, on September 7, 2023. For the following reasons, the motion is **DENIED** without prejudice.

### Background

The plaintiff, Kyle Lee Stacy, filed a *pro se* complaint on April 5, 2023, in Indiana state court against the defendant, Wabash National (Wabash), his former employer, alleging discrimination, hostile work environment, and wrongful termination. [DE 5]. On July 13, 2023, Wabash removed this case to federal court. [DE 1]. On September 7, 2023, the plaintiff filed the instant motion requesting that the court appoint him counsel to assist him with his case.

### Discussion

Civil litigants do not have a right, either constitutional or statutory, to court-appointed counsel. ***Pruitt v. Mote***, 503 F.3d 647, 649 (7th Cir. 2007); ***Luttrell v. Nickel***, 129 F.3d 933, 936 (7th Cir. 1997); ***Jackson v. Cnty. of McLean***, 953 F.2d 1070, 1071 (7th Cir. 1992). Rather, district courts are empowered to recruit an attorney to represent a plaintiff without charge when he is "unable to afford counsel." **28 U.S.C. § 1915(e)(1)**. The Seventh Circuit has instructed that several

factors should be weighed by the court when determining whether recruitment of counsel is warranted: (1) whether the plaintiff has made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and (2) given the difficulty of the case, whether the plaintiff appears competent to litigate it himself. ***Pruitt***, 503 F.3d at 654.

In other words, the second portion of this inquiry is "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge and jury himself." ***Olson v. Morgan***, 750 F.3d 708, 712 (7th Cir. 2014) (quoting ***Pruitt***, 503 F.3d at 655). Factors to be considered include "the plaintiff's literacy, communication skills, educational level, and litigation experience." ***Pruitt***, 503 F.3d at 655. In conducting this inquiry, the court must determine "whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Id.* (emphasis omitted).

Here, the plaintiff has not satisfied the threshold requirements relating to his request for counsel. First, he has not submitted an affidavit of financial need under penalty of perjury.[1] *See **Hairston v. Blackburn***, No. 09-cv-598-MJR, 2010 WL 145793, at *10 (S.D. Ill. 2010) ("[A] proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 is a pre-requisite to appointment of counsel under § 1915(e)(1)." (citing ***Pruitt***, 503 F.3d at 649)). As a result, the court need not reach the remaining factors of the analysis at this time.

 Also, when considering a *pro se* plaintiff's request for counsel, the court typically requires that a *pro se* plaintiff first contact at least three attorneys concerning the case. *See **Jackson***, 953 F.2d at 1073 ("If ... the indigent has made no reasonable attempts to secure counsel (unless

---

[1] *See* "Motion to Proceed in Forma Pauperis" form on the court's website at https://www.innd.uscourts.gov/sites/innd/files/AO239.pdf.

circumstances    prevented    him    from    doing    so),    the    court    should deny any §
1915(d) motions outright."). The  plaintiff has  not  shown  that  he  has  contacted  three  or
more attorneys concerning  his  case,  or  otherwise  made  "reasonable  attempts"  to  secure
counsel. Therefore, the  plaintiff's motion asking  that  the  court  appoint  counsel  on  his  behalf
is **DENIED** without prejudice.

ENTERED this 13th day of September 2023.

/s/ Andrew P. Rodovich
United States Magistrate Judge